Russell, J.
This is an appeal from an order of the Supreme Court of the County of Albany granting a motion to dismiss the complaint for the reason that it fails to state facts sufficient to constitute a cause of action. This action Avas brought by a receiver in partition, together with one of the numerous parties interested in the property which is the subject of the partition action, on behalf of himself and all other similarly situated, to set aside tax sales of the said property and conveyances pursuant to such sales, and to compel an accounting of rents collected by the purchasers at said sales and by their assignees.
The action in partition was commenced November 17, 1925: The property in question is knoAvn as 20-24 Green Street, Albany, N. Y. No. 24 Green Street Avas assessed in 1938 for $25,000 and No. 20 Green Street was assessed for $27,000, water rents on 20-24 Green Street being $25.28. In 1939, No. 24 Green Street Avas assessed for full value reduced to $20,000 and No. 20 Green Street assessed full value reduced to $20,000, and water rents on 20-24 Green Street were $29.44.
On September 16, 1940, the property was sold for the 1938 assessment to the County of Albany for $2,223.52. On September 15, 1941, the property was sold for the 1939 assessment to the County of Albany for $2,227.27.
In February, 1940, J. Howard Johnson took possession of said property under his appointment as receiver in partition actiqn for the purpose of collecting rents and profits.
It is contended by the plaintiffs-appellants that the sale of the county treasurer of property Avhich was in the custody of the receiver, without leave of the court, Avas unlawful and void as an interference with the possession of the court.
It is argued by the defendants-respondents that the collection of taxes being a prerogative of the sovereign, taxes are preferred *8 over the rights of all others, and that no court of the State of New York has the power to establish private rights paramount to that of the sovereign, to collect taxes for the maintenance and expenses of the government. They further urge that section 150 of the Tax Law is mandatory. Section 150 reads in part as follows: “ Whenever any tax charged on real estate * * * is returned to the county treasurer, * * * shall remain unpaid for six months from that date, * * * such county treasurer shall advertise and sell such real estate as herein provided * * *.”
Back of these diversified thoughts lies the fundamental principle of this form of government which “requires the coordinate departments of government, whether federal or state, to refrain from any infringement of the independence of each other, and the possession of property by the judicial department cannot be arbitrarily encroached upon, save in violation of this fundamental principle.” (In re Tyler, 149 U. S. 164, 183.) .
It is a well-established doctrine of law in this State and in many other States that when property is in the rightful possession of a receiver that the disposition of said property for the payment of taxes, by suit or proceeding must be made by and under the sanction of the court by whom the receiver was appointed. (Central Trust Co. v. New York City & N. R. R. Co., 110 N. Y. 250; Walling v. Miller, 108 N. Y. 173; Wiswall v. Sampson, 14 How. [U. S.] 52; In re Tyler, 149 U. S. 164, supra; 1 Clark on Receivers [2d ed.], § 670.)
It is clearly stated in Corpus Juris (Vol. 61, Taxation, § 1357) that “ A tax collector cannot seize and sell property in the hands of a receiver, even for the purpose of collecting taxes. The remedy is by application to the court to direct payment by the receiver, or for a sale of property for the purpose, where there are no' available funds.”
The Department of Taxation and Finance of the State of New York followed the general rule of procedure as enunciated in the authorities cited, and held that “ a county treasurer may not, therefore, without leave of the court first obtained, sell property for unpaid taxes.” (Matter of Empire Brick & Supply Corp., 52 State Dept. Rep., 28.)
Conditions might be such, that when taxes are not paid and the property -is in the possession of a receiver, .it is the duty of the receiver to apply to the court for an order to pay the taxes. If they are not paid, then it becomes the duty of the taxing authorities to apply to the appointing court for their payment. *9 (1 Clark on Receivers [2d ed.], § 670: Blackistone v. State. 117 Md. 237.)
Although the taxes should be paid, still the underlying reason for compelling an application to be made to the court is to protect those who have an interest in the property as well as a municipality to which a debt is due. By a careful inquiry into the nature of the property, its location, market value, demand for property of its kind, the income from said property and the amount of taxes unpaid, the court can equitably determine whether the property should be sold or held for the benefit of parties interested and the municipality. The equities of all parties can then be rightly adjusted.
The complaint states a cause of action in equity.
The order appealed from should be reversed on the law and facts, with costs to the plaintiffs-appellants.
Hill, P. J., Heffernan, Brewster and Foster, JJ., concur.
Order reversed, on the law and facts, with $25 costs to the plaintiffs-appellants. [See post, p. 843.]